

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00099-CR

KENNETH JAMES FAULKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 22F0580-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Kenneth James Faulks pled guilty to arson, a second-degree felony. *See* TEX. PENAL CODE ANN. § 28.02. Pursuant to a plea agreement with the State, the trial court sentenced Faulks to ten years' imprisonment and imposed a $2,500.00 fine but suspended the sentence in favor of placing Faulks on community supervision for ten years. Among other things, the terms and conditions of Faulks's community supervision required him to report to his community supervision officer on a monthly basis and to complete a minimum of eight hours of community service restitution per month. In a motion to revoke Faulks's community supervision, the State alleged that he failed to report during August, September, and October 2023, and failed to complete community service restitution as ordered. After an evidentiary hearing, the trial court found the State's allegations true, revoked Faulks's community supervision, and imposed a sentence of ten years' imprisonment, without any fine. Faulks appeals.

Faulks's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On September 9, 2024, counsel mailed to Faulks copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Faulks's signature. Faulks was informed of his rights to review the record and file a pro se response. On September 9, we informed Faulks that his pro se motion for access to the appellate record was due on or before September 24. By letter dated September 26, this Court informed Faulks that the case would be set for submission on October 17. We received neither a pro se response from Faulks nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Jeff Rambin
Justice

Date Submitted: October 17, 2024
Date Decided: October 28, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.